IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DAVID WAYNE PRATHER,** **PETITIONER**

v. No. 3:16CV4-MPM-RP

**WARDEN NORRIS HOGANS, ET AL.** **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of David Wayne Prather for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

David Wayne Prather is in the custody of the Mississippi Department of Corrections and is currently housed at the East Mississippi Correctional Facility in Meridian, Mississippi, after his conviction for attempted aggravated assault in Tippah County Circuit Court. He was indicted for attempted aggravated assault as a habitual offender under Miss. Code Ann. § 99-19-81. *See* Exhibit A[1] (Indictment in Tippah County Circuit Court Cause Number TK2012-095). On November 9, 2012, Prather signed a "Waiver of Arraignment and Entry of Plea," in which he offered an initial plea of not guilty. *See* Exhibit B. On November 29, 2012, Mr. Prather petitioned the Tippah County Circuit Court to accept his guilty plea to the charge of attempted aggravated assault. *See* Exhibit C ("Petition

---

[1] The exhibits referenced in the instant memorandum opinion may be found in the State's motion to dismiss in this case.

of Defendant for Court to Accept Plea"). On the same day, the court accepted Prather's guilty plea and sentenced Prather to serve a term of twenty years in the custody of the Mississippi Department of Corrections ("MDOC"). *See* Exhibit D ("Plea of Guilty and Judgment of the Court" and Transcript of Guilty Plea Hearing). The court further ordered Mr. Prather to pay court costs and restitution to the district attorney's office and to the victim. *Id*. In exchange for Prather's guilty plea, he was sentenced as a non-habitual offender. *See* Exhibit D ("Plea of Guilty and Judgment of the Court" and Transcript of Guilty Plea Hearing); *see also* Exhibit E ("Notice of Criminal Disposition"). By statute, a Mississippi criminal defendant may not pursue a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101.

Mr. Prather does not allege that he has filed any motions for post-conviction relief challenging his guilty plea and attempted aggravated assault conviction, and there is no record in the trial court or Mississippi appellate courts that he has done so.[2]

### One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] The State has noted various documents Mr. Prather has filed with the trial court, but none of them is a notice of appeal or initiation of an application for state post-conviction collateral relief. Doc. 7 at 5, n. 4.

>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

As set forth above, there is a statutory prohibition against seeking a direct appeal after pleading guilty. *See* Miss. Code Ann. § 99-35-101. Thus, Mr. Prather's conviction became final on November 29, 2012, when the Tippah County Circuit Court imposed his sentence after his guilty plea. Hence, his deadline for seeking federal *habeas corpus* relief became November 29, 2013 (November 29, 2012 + 1 year). *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). As Mr. Prather did not submit a "properly filed" application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before November 29, 2013, to toll the limitations period, he does not enjoy statutory tolling of the one-year limitations period. *Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). As a result, the AEDPA's one-year statute of limitations ran from November 29, 2012, to November 29, 2013, and his deadline for seeking *habeas corpus* relief remains November 29, 2013.

**Equitable Tolling**

Mr. Prather seeks to invoke equitable tolling to extend the one-year limitations period. He argues that his indigency, lack of representation, mental instability, lack of knowledge of the law,

and "dysfunctional ILAP [Department]" prevented him from seeking postconviction relief. ECF Doc. 1, p. 13-14. As set forth below, this argument is unavailing.

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2254 petition. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166

L.Ed.2d 924 (2007).  A petitioner's delay of even four months shows that he has not diligently pursued his rights.  *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Under Fifth Circuit precedent, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Id*. at 392. Likewise, in *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), the Fifth Circuit rejected the petitioner's request to equitably toll the statute of limitations because "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *See id*. at 714, n. 13 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992).

In addition, while mental illness may be sufficient for a petitioner to invoke equitable tolling, he must still prove "rare and exceptional circumstances justifying such tolling." *Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) (internal quotations omitted).  Even in cases where a petitioner has proved that he suffered from mental illness, a court will not apply equitable tolling where he failed to diligently pursue relief.  *Id*.  Mr. Prather has not alleged that he was mentally incompetent or otherwise incapacitated during the entire year he had to seek federal *habeas corpus* relief.  He alleges, instead, that, once he was diagnosed and medicated, he tried, unsuccessfully, to retain an attorney to represent him during post-conviction collateral relief.  He also complains that the Mississippi Department of Corrections Inmate Legal Assistance Program was dysfunctional and failed to provide proper legal

assistance.³ Further, he alleges that he mistakenly believed that he had three years to seek federal *habeas corpus* relief. Thus, Mr. Prather has not alleged that mental illness prevented him, for an entire year, from seeking state post-conviction relief or federal *habeas corpus* relief; nor did he diligently seek such relief. Accordingly, Mr. Prather has not presented any evidence demonstrating that he was prevented in some *extraordinary way* from seeking federal *habeas corpus* relief in a timely manner. As such, he may not invoke equitable tolling of the federal limitations period, and his petition is untimely filed. *See Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on November 23, 2015, and the date it was received and stamped as "filed" in the district court on December 7, 2015. ⁴ Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 724 days (nearly

---

³ As noted in *Neal v. Bradley*, No. 2:05CV67-M-B, 2006 WL 2796404, at *4 (N.D. Miss. Sept. 25, 2006), the Mississippi Department of Corrections Inmate Legal Assistance Program provides inmates with legal assistance to challenge their convictions and sentences. Upon entry into the MDOC, each inmate receives an Inmate Handbook, which informs him about ILAP. Upon request, staff in ILAP provide inmates seeking post-conviction relief with a First Step Postconviction Packet (approximately 140 pages), which contains detailed information regarding the pursuit of such relief – including state and federal remedies – and the interplay between state and federal limitation periods. *Id.*

⁴ Mr. Prather has attached documents to his federal *habeas corpus* petition showing that the petition was originally returned to him, with notice that his petition (postmarked December 3, 2015), was mailed to the wrong court. *See* ECF Doc. 1-1. The court has, however, calculated the filing date for Prather's federal petition using the date he signed the petition, November 23, 2015.

two years) after the November 29, 2013, filing deadline.  As set forth above, the petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling.  *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999).  The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22nd day of October, 2018.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF MISSISSIPPI